**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:19-CV-00087-LLK**

**HELENA L. SCHORER formerly known as HELENA SCHMALZ**                    **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                    **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for child's insurance benefits (alleging disability on or before her twenty-second birthday). Plaintiff filed a motion for summary judgment, to which the Commissioner filed his fact/law summary in opposition, and Plaintiff replied. [Dockets Number ("DN") 18, 23, 24]. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 16].

Plaintiff's sole argument is that the Administrative Law Judge ("ALJ") erred in finding that she was not disabled on or before her twenty-second birthday. Because the ALJ's finding is not reviewable by this Court, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

Plaintiff was born on December 18, 1987. [AR at 33]. On December 12, 2013 (at age 26), she filed a prior application for Social Security disability benefits, which a prior ALJ denied on February 3, 2015. *Id.* The ALJ's decision became final after Plaintiff, who was represented by counsel, declined to seek further review. [AR at 34].

On May 7, 2015, Plaintiff filed the present application for benefits. [AR at 33]. On May 17, 2018, the present ALJ found Plaintiff disabled as of her May 7, 2015 application date. [AR at 40]. The ALJ,

however, declined to find Plaintiff disabled on or before December 18, 2009, her twenty-second birthday, due to res judicata and refusal to reopen the prior final decision.  [AR at 33-34.]

### Discussion

The present ALJ's decision to rely on res judicata and not reopen the prior final decision is unreviewable by this Court absent a colorable constitutional claim.  *Newhouse v. Comm'r of Soc. Sec.*, 771 F. App'x 602, 605 (6th Cir. 2019) (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977)).  A colorable constitutional claim is established (and judicial review is permissible) if Plaintiff's mental incapacity (autism, intellectual impairment, mood impairment) prevented her from understanding and pursuing her administrative remedies in connection with the prior decision.  *Id.* (citing *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981)).  Plaintiff carries the burden of proof on the matter in light of the Commissioner's regulations and rulings.  *Id.*

The regulations allowed the present ALJ to reopen the prior ALJ's decision upon a showing of good cause.  *See* 20 C.F.R. § 404.988(b) ("A determination, revised determination, decision, or revised decision may be reopened … [w]ithin four years of the date of the notice of the initial determination if we find good cause … to reopen the case.").  According to Social Security Ruling (SSR) 91-5p, the present ALJ was authorized to find good cause only if Plaintiff "present[ed] evidence that mental incapacity prevented … her from timely requesting review of an adverse … decision … and [she] had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action."  1991 WL 208067, at *2.  Therefore, "under Social Security Ruling ("SSR") 91-5p, a colorable mental incapacity claim is established only when the fact of mental incapacity is coupled with a showing of lack of anyone legally responsible for prosecuting the claim."  *Anderson v. Comm'r*, 195 F. App'x 366, 369 (6th Cir. 2006).

As noted above, Plaintiff was represented by counsel in connection with her prior application for benefits.  [AR at 34].  Therefore, the ALJ's decision to rely on res judicata and not reopen the prior decision

did not give rise to a colorable constitutional claim.  It follows that the ALJ's finding that Plaintiff was not disabled on or before her twenty-second birthday is not reviewable by this Court.

**Order**

Because the ALJ's finding that Plaintiff was not disabled on or before her twenty-second birthday is not reviewable by this Court, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

April 28, 2020

**Lanny King, Magistrate Judge**
**United States District Court**

3